**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| WILLIE D. RANDLE,<br><br>　　　　　　Plaintiff,<br>　　v.<br><br>A. TIGGS-BROWN, *et al.*,<br><br>　　　　　　Defendants. | Case No. CV 18-07768 MWF (AFM)<br><br>**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND** |

　　　On September 6, 2018, plaintiff, a state prisoner presently confined at the Richard J. Donovan Correctional Facility in San Diego, California, filed a Complaint (ECF No. 1) in this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff subsequently was granted leave to proceed without prepayment of the filing fees. The Complaint names as defendants a physician assistant ("PA") Tiggs-Brown, a Chief Medical Executive Swaby, another Chief Medical Executive Blain, and Scheduling Supervisor Elliott. Plaintiff names each defendant in his or her official as well as individual capacity. (*Id.* at 3-4.) All defendants are alleged to work in Lancaster, California. (*Id.*) Plaintiff references only general dates, June 2017, July 2017, and October 2017. (*Id.* at 3, 6.) Plaintiff alleges that he arrived at California State Prison, Los Angeles County ("CSP-LAC") in the "beginning of June 2017," and he was transferred in October 2017. (*Id.* at 6-7.) Plaintiff's Complaint appears

to raise one claim for "deliberate indifference to plaintiff['s] serious medical needs." (*Id*. at 5.) Plaintiff seeks monetary damages. (*Id*. at 9.)

The Court has screened the Complaint prior to ordering service for purposes of determining whether the action is frivolous or malicious; or fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2), 1915A(b); 42 U.S.C. § 1997e(c)(1). The Court's screening of the pleading under the foregoing statutes is governed by the following standards. A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990); *see also Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (when determining whether a complaint should be dismissed for failure to state a claim under 28 U.S.C. § 1915(e)(2), the court applies the same standard as applied in a motion to dismiss pursuant to Rule 12(b)(6)). In determining whether the pleading states a claim on which relief may be granted, its allegations of material fact must be taken as true and construed in the light most favorable to plaintiff. *See Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1989). However, the "tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Nor is the Court "bound to accept as true a legal conclusion couched as a factual allegation." *Wood v. Moss*, 134 S. Ct. 2056, 2065 n.5 (2014) (citing *Iqbal*, 556 U.S. at 678). Rather, a court first "discounts conclusory statements, which are not entitled to the presumption of truth, before determining whether a claim is plausible." *Salameh v. Tarsadia Hotel*, 726 F.3d 1124, 1129 (9th Cir. 2013). Then, "dismissal is appropriate where the plaintiff failed to allege enough *facts* to state a claim to relief that is plausible on its face." *Yagman v. Garcetti*, 852 F.3d 859, 863 (9th Cir. 2017) (internal quotation marks omitted, emphasis added).

Further, since plaintiff is appearing *pro se*, the Court must construe the allegations of the pleading liberally and must afford plaintiff the benefit of any doubt. *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010); *see also Alvarez v. Hill*, 518 F.3d 1152, 1158 (9th Cir. 2008) (because plaintiff was proceeding *pro se*, "the district court was required to 'afford [him] the benefit of any doubt' in ascertaining what claims he 'raised in his complaint'") (alteration in original). However, the Supreme Court has held that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted, alteration in original); *see also Iqbal*, 556 U.S. at 678 (To avoid dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." (internal citation omitted)).

In addition, Fed. R. Civ. P. 8(a) ("Rule 8") states:

> A pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction . . .; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

(Emphasis added). Further, Rule 8(d)(1) provides: "Each allegation must be simple, concise, and direct." Although the Court must construe a *pro se* plaintiff's pleadings liberally, a plaintiff nonetheless must allege a minimum factual and legal basis for each claim that is sufficient to give each defendant fair notice of what plaintiff's

3

claims are and the grounds upon which they rest. *See, e.g., Brazil v. United States Dep't of the Navy*, 66 F.3d 193, 199 (9th Cir. 1995); *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991) (a complaint must give defendants fair notice of the claims against them). If a plaintiff fails to clearly and concisely set forth factual allegations sufficient to provide defendants with notice of which defendant is being sued on which theory and what relief is being sought against them, the pleading fails to comply with Rule 8. *See, e.g., McHenry v. Renne*, 84 F.3d 1172, 1177-79 (9th Cir. 1996); *Nevijel v. Northcoast Life Ins. Co.*, 651 F.2d 671, 674 (9th Cir. 1981). A claim has "substantive plausibility" if a plaintiff alleges "simply, concisely, and directly [the] events" that entitle him to damages. *Johnson v. City of Shelby*, 135 S. Ct. 346, 347 (2014). Failure to comply with Rule 8 constitutes an independent basis for dismissal of a pleading that applies even if the claims are not found to be wholly without merit. *See McHenry*, 84 F.3d at 1179; *Nevijel*, 651 F.2d at 673.

Following careful review of the Complaint, the Court finds that it fails to comply with Rule 8 because it fails to state a short and plain statement of each claim that is sufficient to give each defendant fair notice of what plaintiff's claims are and the grounds upon which they rest. In addition, the allegations in the Complaint appear insufficient to state any claim upon which relief may be granted. Accordingly, the Complaint is dismissed with leave to amend. *See Rosati*, 791 F.3d at 1039 ("A district court should not dismiss a *pro se* complaint without leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (internal quotation marks omitted).

**If plaintiff desires to pursue this action, he is ORDERED to file a First Amended Complaint no later than thirty (30) days after the date of this Order, remedying the deficiencies discussed below.** Further, plaintiff is admonished that, if he fails to timely file a First Amended Complaint, or fails to remedy the

4

1 deficiencies of this pleading as discussed herein, the Court will recommend that this action be dismissed.[1]

## A. <u>Claims against defendants in their official capacities</u>

The Complaint names all defendants in their official capacities, but the defendants all appear to be employed by the California Department of Corrections and Rehabilitation ("CDCR"). (ECF No. 1 at 3-4.) The Supreme Court has held that an "official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). Such a suit "is not a suit against the official personally, for the real party in interest is the entity." *Graham*, 473 U.S. at 166. The CDCR is a state agency. Accordingly, the claims against defendants in their official capacities are treated as claims against the State.

The Eleventh Amendment bars federal jurisdiction over suits by individuals against a State and its instrumentalities, unless either the State consents to waive its sovereign immunity or Congress abrogates it. *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 99-100 (1984). In addition, "the eleventh amendment bars actions against state officers sued in their official capacities for past alleged misconduct involving a complainant's federally protected rights, where the nature of the relief sought is retroactive, *i.e.*, money damages." *Bair v. Krug*, 853 F.2d 672, 675 (9th Cir. 1988). To overcome this Eleventh Amendment bar, the State's consent

---

[1] Plaintiff is advised that this Court's determination herein that the allegations in the Complaint are insufficient to state a claim should not be seen as dispositive of that claim. Accordingly, although this Court believes that you have failed to plead sufficient factual matter in your pleading, accepted as true, to state a claim to relief that is plausible on its face, you are not required to omit any claim or defendant in order to pursue this action. However, if you decide to pursue a claim in a First Amended Complaint that this Court has found to be insufficient, then this Court, pursuant to the provisions of 28 U.S.C. § 636, ultimately may submit to the assigned district judge a recommendation that such claim be dismissed with prejudice for failure to state a claim, subject to your right at that time to file Objections with the district judge as provided in the Local Rules Governing Duties of Magistrate Judges.

or Congress' intent must be "unequivocally expressed." *Pennhurst*, 465 U.S. at 99. While California has consented to be sued in its own courts pursuant to the California Tort Claims Act, such consent does not constitute consent to suit in federal court. *See BV Engineering v. Univ. of Cal., Los Angeles*, 858 F.2d 1394, 1396 (9th Cir. 1988). Finally, Congress has not repealed state sovereign immunity against suits brought under 42 U.S.C. § 1983.

The CDCR and its correctional facilities are state agencies that are immune from civil rights claims raised pursuant to § 1983. *See Pennhurst*, 465 U.S. at 100 ("This jurisdictional bar applies regardless of the nature of the relief sought."); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978) (per curiam) (the Eleventh Amendment bars claim for injunctive relief against Alabama and its Board of Corrections). Here, plaintiff does not seek any injunctive relief. Accordingly, plaintiff may not proceed with any civil rights claims seeking damages against any employee of the CDCR or its correctional facilities in that employee's official capacity.

**B.     Rule 8**

Plaintiff's Complaint violates Rule 8 and fails to state a plausible claim against any named defendant. First, the Complaint names as defendants four officials from a state prison facility where plaintiff appears to have been incarcerated for about five months, but the Complaint does not clearly state which defendant is alleged to have violated plaintiff's federal civil rights at what time. Plaintiff appears to be raising only one claim against all defendants, but the "Supporting Facts" section of the Complaint sets forth specific factual allegations against only one defendant, PA Tiggs-Brown. (ECF No. 1 at 6-7.) Plaintiff also states the conclusory allegations that defendants Medical Executives Swaby and Blain were responsible to "coordinate" with Tiggs-Brown "to ensure schedules" were sufficient. (*Id*. at 8.) Plaintiff also alleges that Scheduling Supervisor Elliott was "responsible to make sure [that if] any problem arise [sic]" he should find and correct it. (*Id*. at 8.) The

Court does not assume the truth of such conclusory statements that are unsupported by specific factual allegations in determining whether a claim is plausible. *See, e.g., Salameh*, 726 F.3d at 1129. Moreover, "[g]overnment officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior." *Iqbal*, 556 U.S. at 676. Accordingly, plaintiff must allege that each defendant "through the official's own individual actions, has violated the Constitution." *Id*. at 676-77 ("each Government official, his or her title notwithstanding, is only liable for his or her own misconduct"). Here, it appears from the allegations in the Complaint that plaintiff may be attempting to hold defendants Swaby, Blain, and Elliott liable for the alleged constitutional violations of others because of their supervisory positions. Plaintiff's Complaint fails to set forth any factual allegations to show that defendants Swaby and Blain had "knowledge of plaintiff['s] medical condition" (*id.* at 8) or that either defendant failed to take any action that they were required to do that caused plaintiff's alleged failure to receive medical treatment during the few months that he was held at CSP-LAC. Similarly, plaintiff's Complaint fails to set forth any factual allegations showing defendant Elliott had knowledge of any appointment that plaintiff needed that was not scheduled in a timely manner. (*Id*.)

Plaintiff alleges that his Claim 1 arises from a "[d]enial and delay of medication." (ECF No. 1 at 5.) Plaintiff alleges that he arrived at CSP-LAC "in the beginning of June 2017, and he was seen by PA Tiggs-Brown at the "end of the month in June 2017." (*Id*. at 6) Plaintiff also alleges that he was receiving "no medication" for his rheumatoid arthritis and that he was "supposed to be receiving" an injection. (*Id*.) It is not clear what medical professional had prescribed the injection that plaintiff appears to allege that he did not receive while at CSP-LAC. Plaintiff was seen by Tiggs-Brown again "toward the end of July 2017," and he told Tiggs-Brown that he was "not getting the prescribed medication." Tiggs-Brown told plaintiff that she would "take care of it," but plaintiff alleges that "she never did"

before plaintiff was transferred in October 2017. (*Id.*) Because plaintiff does not allege any supporting facts concerning when, where, and by whom he received a prescription for medication that he alleges he did not get during his brief stay at CSP-LAC, it is not clear what action Tiggs-Brown is alleged to have failed to do that she had a duty to do. Further, plaintiff also alleges that, at the time he arrived at CSP-LAC in June 2017, he had "been complaining [of] serious pain and stiffness," and that "there [had] been months of delay of treatment." (*Id.* at 7.) Based on these factual allegations, it appears that the delay that plaintiff experienced in treatment for his pain and stiffness may have occurred before he arrived at CSP-LAC. Although plaintiff alleges that Tiggs-Brown was responsible "to do follow up and make sure that" plaintiff was "receiving on going treatment," it is not clear to the Court what treatment was "on-going" during plaintiff's brief stay at CSP-LAC. In addition, to the extent that plaintiff is purporting to raise a claim against PA Tiggs-Brown for failure to ensure that plaintiff was receiving treatment that Tiggs-Brown had ordered, plaintiff also appears to state the contradictory allegation that Tiggs-Brown failed to order any treatment.

Accordingly, the Court finds that plaintiff's Complaint fails to set forth a minimal factual basis for each claim that is sufficient to give each defendant fair notice of what plaintiff's claims are and the grounds upon which they rest. Since plaintiff is a *pro se* litigant, the Court must construe the allegations of the Complaint liberally and must afford plaintiff the benefit of any doubt. That said, the Supreme Court has made clear that the Court has "no obligation to act as counsel or paralegal to *pro se* litigants." *Pliler v. Ford*, 542 U.S. 225, 231 (2004). Further, plaintiff's Complaint must be adequate to meet the minimal requirement of Rule 8 that a pleading set forth sufficient factual allegations to allow each defendant to discern what he or she is being sued for. *See McHenry*, 84 F.3d at 1177; *see also Twombly*, 550 U.S. at 555 ("[f]actual allegations must be enough to raise a right to relief above the speculative level"). In addition, the Supreme Court has held that, while a plaintiff

need not plead the legal basis for a claim, the plaintiff must allege "simply, concisely, and directly events" that are sufficient to inform the defendants of the "factual basis" of each claim. *Johnson*, 135 S. Ct. at 347. Here, plaintiff's Complaint fails to set forth a simple and direct statement of the factual basis of any claim that is sufficient to allow any defendant to discern what he or she is being sued for.

In addition, plaintiff's Complaint fails to set forth any factual allegations showing that each defendant took an action, participated in another's action, or omitted to perform an action that he or she was legally obligated to take that *caused* a constitutional deprivation. In order to state a federal civil rights claim against a particular defendant, plaintiff must allege that a specific defendant, while acting under color of state law, deprived him of a right guaranteed under the Constitution or a federal statute. *See West v. Atkins*, 487 U.S. 42, 48 (1988). "A person deprives another 'of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that *causes* the deprivation of which [the plaintiffs complains].'" *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (emphasis and alteration in original)).

Further, plaintiff must comply with the Local Rules regarding the format of a pleading, such as L.R. 11-3.2, which requires that the lines on each page be numbered and that no more than 28 lines of double-spaced text be on each page. Irrespective of his *pro se* status, plaintiff must comply with the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Central District of California. *See, e.g., Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 382 (9th Cir. 1997) ("*pro se* litigants are not excused from following court rules"). Similarly, plaintiff must comply with Fed. R. Civ. P. 10, which requires that the caption of a pleading include all defendants listed in the body of the pleading. Here, the caption of the Complaint only lists one defendant.

Accordingly, the Court finds that plaintiff's Complaint violates Rule 8 and fails to state a claim against any defendant upon which relief may be granted. If plaintiff wishes to pursue a federal civil rights claim against any defendant, then plaintiff should set forth a short and plain statement of each such claim showing that each defendant took a specific action, participated in another's action, or omitted to perform an action that caused an alleged constitutional deprivation.

## C.  Claims for constitutionally inadequate medical care

Plaintiff's Complaint sets forth allegations concerning allegedly inadequate medical care. Because plaintiff appears to have been a prisoner at the relevant time, any claims for constitutionally inadequate medical care arise under the Eighth Amendment.

The Eighth Amendment's proscription against cruel and unusual punishment also encompasses the government's obligation to provide adequate medical care to those whom it is punishing by incarceration. *See Estelle v. Gamble*, 429 U.S. 97, 103 (1976). In order to establish a claim under the Eighth Amendment for inadequate medical care, a prisoner must show that a specific defendant was deliberately indifferent to his serious medical needs. *See Helling v. McKinney*, 509 U.S. 25, 32 (1993); *Estelle*, 429 U.S. at 106. "This includes both an objective standard – that the deprivation was serious enough to constitute cruel and unusual punishment – and a subjective standard – deliberate indifference." *Colwell v. Bannister*, 763 F.3d 1060, 1066 (9th Cir. 2014) (internal quotation marks omitted).

First, to meet the objective element of a deliberate indifference claim, "a prisoner must demonstrate the existence of a serious medical need." *Colwell*, 763 F.3d at 1066. "A medical need is serious if failure to treat it will result in significant injury or the 'unnecessary and wanton infliction of pain.'" *Peralta v. Dillard*, 744 F.3d 1076, 1081 (9th Cir. 2014) (en banc) (internal quotation marks omitted). Plaintiff alleges that he was "in severe pain in all my joints from rheumatoid

arthritis," but he does not allege when or where he received a diagnosis of rheumatoid arthritis. (ECF No. 1 at 6.) Further, plaintiff alleges that he was supposed to receive an injection of a particular medication, but plaintiff does not allege when or where any such medication was prescribed. (*Id.*) Because plaintiff fails to set forth a simple, concise, and direct statement of any claim for inadequate medical care, the Court cannot discern what serious medical need plaintiff was suffering from at the relevant time.

Second, to meet the subjective element of an Eighth Amendment claim, a prisoner must "demonstrate that a specific prison official acted with deliberate indifference." *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004). Deliberate indifference may be manifest by the intentional denial, delay or interference with a plaintiff's medical care. *See Estelle*, 429 U.S. at 104-05. The prison official, however, "must not only 'be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" *Toguchi*, 391 F.3d at 1057 (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)). Thus, an inadvertent failure to provide adequate medical care, negligence, a mere delay in medical care (without more), or a difference of opinion over proper medical treatment, all are insufficient to constitute an Eighth Amendment violation. *See Estelle*, 429 U.S. at 105-07; *Toguchi*, 391 F.3d at 1059-60; *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989); *Shapley v. Nevada Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985). Moreover, the Eighth Amendment does not require optimal medical care or even medical care that comports with the community standard of medical care. "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle*, 429 U.S. at 106.

If plaintiff wishes to pursue a claim under the Eighth Amendment against any

1 | defendant, he should set forth in a First Amended Complaint a simple, concise, and
2 | direct statement of any claim he intends to raise pursuant to the Eighth Amendment.
3 | To the extent that plaintiff disagreed with the medical treatment that he received at
4 | CSP-LAC, "a difference of opinion between a physician and the prisoner . . .
5 | concerning what medical care is appropriate does not amount to deliberate
6 | indifference." *Hamby v. Hammond*, 821 F.3d 1085, 1092 (9th Cir. 2016); *see also*
7 | *Cano v. Taylor*, 739 F.3d 1214, 1217 (9th Cir 2014) (prisoner's difference of opinion
8 | as to his medical treatment "is not actionable"). Finally, it appears from the factual
9 | allegations in the Complaint that plaintiff was seen by PA Tiggs-Brown less than 30
10 | days after he arrived at CSP-LAC, and then again at least one time before plaintiff
11 | was transferred to another facility less than six months after he had arrived at CSP-
12 | LAC. A brief delay in receiving medication that plaintiff believes he should have
13 | been receiving will likely not give rise to a federal civil rights claim.

Here, plaintiff's Complaint does not simply, concisely, and directly set forth factual allegations that raise a reasonable inference that any defendant intentionally denied, delayed, or interfered with plaintiff's medical care for any serious medical need. *See Estelle*, 429 U.S. at 104-05.

************

**If plaintiff still desires to pursue this action, he is ORDERED to file a First Amended Complaint no later than thirty (30) days after the date of this Order, remedying the pleading deficiencies discussed above.** The First Amended Complaint should bear the docket number assigned in this case; be labeled "First Amended Complaint"; and be complete in and of itself without reference to the original Complaint, or any other pleading, attachment, or document.

The clerk is directed to send plaintiff a blank Central District civil rights complaint form, which plaintiff is encouraged to utilize. Plaintiff is admonished that he must sign and date the civil rights complaint form, and he must use the space provided in the form to set forth all of the claims that he wishes to assert in a First

Amended Complaint.

In addition, if plaintiff no longer wishes to pursue this action, he may request a voluntary dismissal of the action pursuant to Federal Rule of Civil Procedure 41(a). The clerk also is directed to attach a Notice of Dismissal form for plaintiff's convenience.

**Plaintiff is further admonished that, if he fails to timely file a First Amended Complaint, or fails to remedy the deficiencies of this pleading as discussed herein, the Court will recommend that the action be dismissed on the grounds set forth above and for failure to diligently prosecute.**

**IT IS SO ORDERED**.

DATED: 10/26/2018

_____
ALEXANDER F. MacKINNON
UNITED STATES MAGISTRATE JUDGE